IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERRY JERON DANIELS,<br>Plaintiff | : | CIVIL ACTION |
| | : | |
| | : | M.D. PA CASE NO. |
| v. | : | |
| | : | Dauphin County Docket No.: |
| DAUPHIN COUNTY DISTRICT<br>ATTORNEY'S OFFICE, et. al.<br>HARRISBURG BUREAU OF<br>POLICE, et. al.<br>Defendants | : | 2023-CV-08174 |
| | : | |
| | : | *Electronically Filed* |
| | : | |
| | : | JURY TRIAL DEMANDED |

**<u>DEFENDANTS DAUPHIN COUNTY DISTRICT ATTORNEY'S OFFICE'S NOTICE OF REMOVAL</u>**

Defendant Dauphin County District Attorney's Office ("Dauphin County"), hereby give notice of removal of the Civil Action and notice caption, Jerry Jeron Daniels v. Dauphin County District Attorney's Office et. al., Harrisburg Bureau Of Police et. al., No 2023-CV-08174 in the Court of Common Pleas of Dauphin County, Pennsylvania, to the United States District Court for the Middle District of Pennsylvania. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441(a) and 1446. As ground for removal, Defendant Dauphin County state the following:

1

1. Plaintiff commenced a civil action on August 4, 2023, by filing a Complaint in the Commonwealth Court of Pennsylvania, entitled, *Jerry Jeron Daniels v. Dauphin County District Attorney's Office et. al., Harrisburg Bureau Of Police et. al.*, docketed at 360 MD 2023 (hereinafter "Commonwealth Court Action"). *See* Plaintiff's Complaint attached as **Exhibit 1.**

2. Dauphin County received a copy of the the Complaint on August 5, 2023.

3. Commonwealth Court transferred the case to the Court of Common Pleas of Dauphin County on September 11, 2023, for lack of original jurisdiction (hereinafter "September 11 Order"). *See* September 11 Order attached as **Exhibit 2.**

4. The Dauphin County Court of Common Pleas docketed the September 11 Order on October 20, 2023 and started a new civil action Docket No. 2023-CV-08174 (hereinafter "Common Pleas Action". *See* 2023-CV-08174 Docket attached as **Exhibit 3.**

5. Dauphin County did not become aware of the Common Pleas Action no sooner then October 20, 2023.

6. The Commonwealth Court Action and the Common Pleas Action involve different tribunals with different judges, impose different deadlines,

different case numbers, and require payment of separate filing fees. Further each action was subject to different procedural rules and potentially different responsive pleadings.

7.     The Common Pleas Action constitutes an initial pleading under 28 U.S.C. § 1446(b). *Berbig v. Sears Roebuck and Co., Inc.*, 568 F.Supp.2d 1033, 1035-1036 (D. Minn. 2008).

8.     Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides that "the Notice of removal of a Civil Action shall be filed within thirty (30) days after receipt by the Defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the Defendant if such initial pleading has then been filed in court, and is not required to be served on the defendant, whichever period is shorter."

9.     This is a Civil Action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 in that the Plaintiff has alleged matters arising under the Constitution and laws of the United States.

10.    At the time the Complaint was filed and at the time this Notice is being filed, to the best of the moving Defendants' information, knowledge and

belief, all Defendants are citizens, residents of and are domiciled in the Commonwealth of Pennsylvania.

11. To the best of the Defendants' information, knowledge and belief, Plaintiff Jerry Jeron Daniels is a citizen and resident of, and is domiciled in the Commonwealth of Pennsylvania at the time this lawsuit was instituted. Plaintiff is incarcerated at SCI-Frackville, 1111 Altamont Blvd., Frackville, Pa 17931.

12. To the best of the Defendants' information, knowledge and belief Defendant Harrisburg Bureau of Police does not have notice of the initial pleading.

13. Original jurisdiction pursuant to federal question jurisdiction exists within the meaning of 28 U.S.C. § 1331.

14. Plaintiff's claims, as set for the in the Complaint, is for damages due to alleged civil rights and constitutional violations arising from Plaintiff's arrest on August 27, 2021.

15. There is no amount in controversy requirement for jurisdiction conferred in this Court pursuant to 28 U.S.C. § 1331.

16. Venue is properly laid in this district because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this district. 28 U.S.C. § 1391(a)(2).

17.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all parties and filed with the Prothonotary in the Court of Common Pleas of Dauphin County, Pennsylvania.

18.     28 U.S.C. § 1446(b)(2)(A) requires that all defendants who have been properly joined and serve must consent to the removal of the action.  Since Defendant Harrisburg Bureau of Police has not been properly served, no consent is necessary.

WHEREFORE, this Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331 based on original federal question jurisdiction and Defendants' removal pursuant to 28 U.S.C. § 1441 (a), (b) and (c) is appropriate.

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

Date:  November 16, 2023          BY:   s/*Donald L. Carmelite, Esquire*
                                        Donald L. Carmelite, Esquire
                                        PA Attorney I.D. No. 84730
                                        100 Corporate Center Drive, Suite 201
                                        Camp Hill, PA  17011
                                        Ph: (717) 651-3504; Fax 717-651-3707
                                        Email:  dlcarmelite@mdwcg.com
                                        *Attorney for Defendant Dauphin County District Attorney's*

5

## **CERTIFICATE OF SERVICE**

I, Michele E. Neff, an employee of Marshall Dennehey P.C., do hereby certify that on this 16th day of November, 2023, I served a copy of the foregoing document, and in the manner indicated below, which service satisfies the requirements of the Federal Rules of Civil Procedure, by ECF notification and/or by depositing a copy of same in the United States Mail, first-class postage prepaid, addressed as follows:

<u>VIA U.S. MAIL</u>

SMART COMMUNICATIONS/PA DOC
Jerry Jeron Daniels (HA7507)
SCI-Frackville
P.O. Box 33028
St. Petersburg, FL  33733
*Pro se Plaintiff*

        MARSHALL DENNEHEY P.C.

        */s/ Michele E. Neff*
        Michele E. Neff, Admin. Asst. to
        Donald L. Carmelite, Esquire